# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THOMAS N. HARRIS,
INMATE NO. 1200039,
    Plaintiff,

v.

SUNTRUST BANK; ALLISON
THOMAS; and JUAN MENA,
    Defendants.

: 28 U.S.C. § 1331; 28 U.S.C.
: § 1332
:
: CIVIL ACTION NO.
: 1:08-CV-3087-MHS-LTW

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915(e)(2) frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court "shall dismiss a case at any time" under the following circumstances: (1) "the action or appeal... is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a litigant's claim falls under one of these three categories, or he or she does not provide factual allegations in support of the claim, then the action is may be summarily dismissed. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely

"conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

Plaintiff, currently confined at the Washington State Prison in Davisboro, Georgia, states that on May 8, 2007, he "opened a checking and savings account at the Suntrust Bank branch" located inside a Kroger grocery store "at 3030 Headland Dr., Atlanta, GA 30311." (Doc. 1 at 2-3). Plaintiff alleges that he "presented I.D. and cash of $200.00 for each of his checking and savings acounts." (Id. at 3). Plaintiff claims that he "did not at anytime authorize by his signature the authority of another to access said accounts. Nor did the Plaintiff [] appear with another at the opening of said accounts." (Id. at 3). "Over the course of a 16-day period from the 8th of May thru the 24th of May 2007, the Plaintiff deposited approximately $1,800.00 more to his savings and checking accounts combined. All said transactions the Plaintiff in person made at the same branch." (Id.).

"On May 24, 2007, the Plaintiff was detained on a violation of probation, on which he has consistently been incarcerated since, at several locations." (Id. at 4). Plaintiff states that he "lost contact with his bank and branch until May 2008, at which time he was able to make contact with [Defendant] Mr. Juan Mena . . . via a three way phone call from his facility." (Id.). During this telephone conversation, Plaintiff learned his "estranged wife" had gone to the bank, informed Mena that Plaintiff "had been arrested and removed the money" from the bank accounts. (Id.).

Plaintiff states that Mena informed him that an investigation would be undertaken. (Id.). Plaintiff then details his efforts that he and his daughter undertook to find out the result of the investigation. (Id. at 4-5). On June 27, 2008, after being unable to learn of the results of the investigation, Plaintiff states that he filed a complaint with the Office of the President of Suntrust Bank, which is located in Virginia. (Id. at 5). Plaintiff also alleges that that he sent a letter to the "O.C.C., who referred his letter to the F.R.B." (Id.).

Plaintiff alleges that the above allegations demonstrate that Defendants have "defraud[ed]" him. (Doc. 1 at 1). As relief, Plaintiff seeks money damages from Defendants. (Id. at 5-6).

3

A district court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). Plaintiff contends that this Court has jurisdiction over this matter on the basis of (1) diversity, as a result of Suntrust Bank's central office being located in Virginia, and (2) Suntrust Bank operates under the supervision of the Federal Reserve System. (Doc. 1 at 1).

This Court first notes that original jurisdiction on the basis of diversity of citizenship only applies "where the matter in controversy exceeds the sum or value of $75,000.00. . . ." 28 U.S.C. § 1332(a). As this action concerns a dispute concerning an amount well below $75,000.00, jurisdiction may not be grounded upon diversity of citizenship.

The next question concerns whether jurisdiction lies with this Court due to Suntrust Bank being supervised by the Federal Reserve System. "National banks are subject to the laws of the state, and are governed in the daily course of business far more by the laws of the State than of the nation." McClellen v. Chipman, 164 U.S. 347, 356-57 (1896). Relevant to this action, claims that a bank committed fraud are governed by state law. See United American Bank of Nashville v. Gunter, 620 F.2d 1108, 1119-20 (5th Cir. 1980) (Tennessee law

AO 72A
(Rev.8/82)

governed claim of fraud by defendant bank); see also Citizens and Southern National Bank v. American Surety Company of New York, 347 F.2d 18, 20 (1965) (noting that Georgia law governed the controversy concerning recoupment of funds withdrawn with forged checks).

In summary, this Court does not have original jurisdiction over Plaintiff's claim of fraud by Defendants. Absent original jurisdiction over this controversy, it would be inappropriate for this Court to exercise its supplemental jurisdiction. See 28 U.S.C. § 1367(c). This action should, therefore, be dismissed.

III. Conclusion

**IT IS ORDERED** that this civil rights action is **DISMISSED FOR LACK OF JURISDICTION**, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**, this ___ day of _____, 2009.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)